247 F.2d 458
 114 U.S.P.Q. 32
 CASH DIVIDEND CHECK CORPORATION, Appellant,
v.
Leonard F. DAVIS and Wayne Layton, Doing Business Under the
Fictitious Firm Name and Style of Cash Saving
Check Corporation and Cash Saving Check
Corporation, Appellees.
 No. 15289.
 United States Court of Appeals Ninth Circuit.
 May 23, 1957.
 
 Lyon & Lyon, Reginald E. Caughey, Los Angeles, Cal., for appellant.
 Milton William Gordon, Los Angeles, Cal., for appellees.
 Before STEPHENS, FEE and BARNES, Circuit Judges.
 STEPHENS, Circuit Judge.
 
 
 1
 This is an action for infringement of a statutory copyright. Appellant, Cash Dividend Check Corporation, is the owner of a copyright as a 'book,' which, inclusive of a check with other descriptive material, is entitled 'Cash Dividend Check Pay to the Order of.' The Register of Copyrights issued his certificate of registration upon such 'work,' dated and identified as follows: 'February 15, 1934, Class AA 139152.'
 
 
 2
 The 'work' for which appellant's copyright was secured is for use in a method of doing business whereby savings stamps, so-called, supplied by appellant or its licensees are issued by merchants to purchasers of goods who thereafter affix to appellant's work the requisite number of stamps specified on the check.
 
 
 3
 A photostatic exemplar of appellant's work, inclusive of the check, is found on page 9 of the transcript of record.
 
 
 4
 The original feature of appellant's plan is that it enables the holders of the stamps to convert them into cash, whereas most stamp plans require that the stamps be redeemed for merchandise. Upon the specified number of stamps being affixed to the check, it can be treated as would an ordinary bank check.
 
 
 5
 The appellees employ a similar stamp plan and a form of check for use in a manner heretofore described. Appellees admitted at the trial that their check was created after seeing appellant's check and that they used appellant's idea or plan.
 
 
 6
 A photostatic exemplar of appellees' work is found on page 10 of the transcript of record.
 
 
 7
 The District Court held that the work, inclusive of the check (which is not detached from the rest of the work), relied upon by appellant as a statutory copyright, is not a valid copyright under the provisions of Section 10 of Title 17 of the United States Code Annotated, since the subject matter cannot be covered by a statutory copyright. No finding was made by the District Court on the issue of infringement.
 
 The Appeal
 
 8
 Appellees cite a treatise[1] in which certain material, including checks, is listed by the author as non-copyrightable subject matter. We have found no authority or reasoning that a check, because it is a check, is non-copyrightable. Of course, no exclusive right to the expression 'Pay to the Order of' can be gained by copyright. This is not to say, however, that a certain identifiable manner in which that phrase is used, or other words used to express the same idea, may not constitute copyrightable material. However, appellant, it must be understood, does not seek a copyright alone over the check portion of the work or writing, nor does it seek a copyright over its stamp plan. Rather, it seeks a copyright over the writing, with the integrated check, which describes the means by which the stamp-check plan is carried out. The appellees did not plead nor did they prove that the work did not cover orginal subject matter of the author, but rather they contended that the work per se was not subject to the Copyright Laws of the United States.
 
 
 9
 In Gordon v. Weir, D.C., 111 F.Supp. 117, affirmed, 6 Cir., 216 F.2d 508, it was held that there was a valid copyright on an original advertisement of a dot-counting contest which portrayed merchandise given as a prize in a picture made up of a large number of dots. The copyright was allowed because the advertisement was a concrete expression of a particular combination of ideas. It was also pointed out in Gordon v. Weir, supra, that courts have been liberal in allowing copyright protection even though there is a question of literary quality involved in the work. See also case of Mutual Advertising Co. v. Refo (not found in either brief), C.C.1896, 76 F. 961, which is somewhat analogous to the instant case.
 
 We note that 37 C.F.R. 202.1 states:
 
 10
 '202.1 Material not subject to copyright. The following are examples of works not subject to copyright and applications for registration of such works cannot be entertained:
 
 
 11
 '(c) Words designed for recording information which do not in themselves convey information, such as time cards, graph paper, account books, diaries, bank checks, score cards, address books, report forms, order forms and the like; * * *'
 
 
 12
 Accepting without questioning the validity of such regulation, it is apparent that the exclusion of material from copyright protection goes merely to the standard use of the items and not to the exclusion of checks, account books, etc., merely because of what they are. Appellant's writing or work is more than a check. In addition to including the unfilled-out form of a check, the writing conveys to the public information through appellant's authorship relating to its stamp plan. Therefore, the integrated subject of the copyright does not lack the element of originality or authorship requisite for copyrighting. The copyright of appellant's work cannot hamper the business world in its use of bank checks or other instruments of commercial activity. See Howell, The Copyright Law, 1952, pp. 41, 42. We hold that appellant's work is properly the subject matter of copyright.
 
 Infringement
 
 13
 That the directions as to the use of the plan by one merchant would be somewhat similar to those of another merchant would be expected. To express such directions and to comment upon the plan in words and sentences would be the right of every concern exploiting the plan. He must use such right, however, in a manner to avoid encroaching upon the authorship of another who is holding his writings under copyright. If he deliberately copies or by chance gets so close to the copyright matter that it is practically the same, he has infringed. The decision is a nice one which is peculiarly within the area of the trial court's judgment. It is true that the trial judge rather expressed his leaning upon the subject of infringement, but such expressions were in the light of his conclusion that the copyright was invalid. The issue is completely open.
 
 
 14
 The judgment is reversed and remanded with instructions to hold the copyright valid and to pass upon the issue of infringement in his findings, conclusions and judgment.
 
 
 
 [1]
 Margaret Nicholson, A Manual of Copyright Practice, 2nd Ed.1956, Oxford University Press, pp. 15, 62. See also Weil, Copyright Law, 1917, p. 204; Howell, The Copyright Law, 1952, pp. 41, 42; and Bowker, Copyright, Its History and Its Law, 1912, pp. 71, 496